**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Bernard Byers,<br><br>      Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>      Respondents. | No. CV-09-0823-PHX-PGR (LOA)<br><br><u>ORDER</u> |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Anderson in light of Petitioners Objection to the Courts Report and Recommendation Report [sic] (Doc. 22) and the respondents' Response to Petitioner's Objections to the Report and Recommendation (Doc. 23), the Court finds that the petitioner's objections should be overruled as legally meritless and that the Magistrate Judge correctly determined that this action should be dismissed as time-barred as it was filed over four years after the expiration of the AEDPA's one-year statute of limitations.

The petitioner argues in his Objection that the Magistrate Judge erred in concluding that he is not entitled to have the limitations period equitably tolled. The AEDPA's statute of limitations is subject to equitable tolling only if the

prisoner shows (1) that he has been pursuing his rights with reasonable diligence, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing of his federal habeas petition. Holland v. Florida, _ U.S. _, _ S.Ct. _, 2010 WL 2346549, at *12 (June 14, 2010).[1] The Magistrate Judge concluded that the petitioner failed to meet either of these conditions and the Court concurs.[2]

The petitioner's cursory contention is that the untimeliness of his federal habeas petition resulted from misinformation on the limitations period given to him by his counsel and not from his own lack of diligence.[3] The Court is

---

[1] The Court notes that it delayed the issuance of this Order pending the Supreme Court's decision in Holland v. Florida given that the main issue to be decided by the Supreme Court in that case was whether the AEDPA's limitations period was subject to the doctrine of equitable tolling.

[2] The Magistrate Judge correctly determined that the petitioner was not reasonably diligent in that he filed his federal habeas petition over four years after the limitations period had expired, and that he had allowed over two years to elapse between his first and second state petitions for post-conviction relief, and he had allowed more than a year to pass between the conclusion of his fourth state Rule 32 petition and the filing of his federal habeas petition.

[3] The petitioner's argument in his Objection is as follows:

> The petitioner asserts that equitable tolling should be applied as the cause for his untimeliness was due to external forces, rather than a lack of diligence on his part. The petitioner was merely acting under advisement of his counsel, James Logan. Mr. Logan, in response to the petitioner[']s query about available Federal vehicles of review, advised him that under the (AEDPA) anyone who had a conviction prior to the 1996 (AEDPA) act, are exempt from the statute of limitations.
> For such reasoning the petitioner was unaware that the statute of limitations actually applied to him. Otherwise, he would have filed a petition for writ of habeas corpus within the prescribed time frames.

unpersuaded by this argument because nothing the petitioner has presented in the record before the Court makes his attorney's mistake anything other than a garden variety type of attorney negligence that is insufficient to constitute an extraordinary circumstance warranting equitable tolling. As the Supreme Court has noted, "[w]e have previously held that a garden variety claim of excusable neglect ... such as a simple miscalculation that leads a lawyer to miss a filing deadline ... does not warrant equitable tolling." Holland v. Florida, 2010 WL 2346549, at *13 (internal quotation marks and citations omitted). *Accord*, Lawrence v. Florida, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 1085 (2007) ("Second, Lawrence argues that his counsel's mistake in miscalculating the [AEDPA's] limitations period entitles him to equitable tolling. If credited, this argument would essentially toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.") *See also*, Holland, 2010 WL 2346549, at *16-17 (Alito, J., concurring) (noting that an attorney's failure to do the requisite research to determine the applicable AEDPA deadline is insufficient to warrant equitable tolling as it is the type of attorney negligence that is constructively attributable to his prisoner client and is thus not a circumstance beyond the prisoner's control).

The Court also concludes that none of the other arguments raised by the petitioner in his Objection, such as that he is a *pro se* prisoner litigant, is legally sufficient to constitute an extraordinary circumstance warranting equitable tolling.

---

The Court notes that missing from the petitioner's argument is any indication of when or how often he asked his counsel about the AEDPA filing deadline, what he did on his own to determine the filing deadline, etc.

Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 19) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied as time-barred and that this action is dismissed. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

DATED this 12th day of July, 2010.

Paul G. Rosenblatt
United States District Judge